UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 92-200-CR-LENARD

**UNITED STATES OF AMERICA**

vs.

**HUMBERTO GALLO,**

     **Defendant.**
_____/

**RESPONSE BY THE UNITED STATES TO THE DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582**

On September 22, 2015, the defendant, HUMBERTO GALLO, filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence as a result of Amendment 782 to the United States Sentencing Guidelines. (DE: 193). On September 23, 2015, the Court ordered the Government to respond. (DE: 194). The Government hereby respectfully requests that the Court deny the defendant's motion because he already received a downward variance from the low end of the previously applicable guideline range, 360 months, to a sentence of 324 months, which is below of the now-amended guideline range. Because the defendant's sentence is below the now-amended guideline range, he is not eligible for relief under Amendment 782.

**ANALYSIS**

Section 3582(c)(2) "establishes a two-step inquiry.  A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under application note 1(A) to Section 1B1.10:  "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

The defendant is correct that Amendment 782 reduced the guideline range applicable in his case.  Specifically, the base offense level in this case is now 34, pursuant to Section 2D1.1, as amended by Amendment 782, made retroactive by Section 1B1.10(d).  When combined with the other guideline applications made earlier, as required by Section 1B1.10(b)(1), the final offense level is 38.  At the established criminal history category of VI, this would result in a sentencing range of 360-life.  But, at the defendant's re-sentencing in 2002, the Court varied down from the low end of the defendant's guideline range, 360 months, and imposed a sentence of 324 months, below the now-amended guideline range. This fact is dispositive of the defendant's motion because the U.S. Sentencing Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance)**,** "the court shall not reduce the defendant's term of

imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute." *United States v. Jackson,* 751 F.3d 707, 711 (6th Cir. 2014). "Thus, the Court may not reduce the sentence below the range provided by the amended guideline." U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011).

The Government therefore agrees that Amendment 782 reduces the defendant's base offense level from 36 to 34, but does not reduce his guideline range from 360-life. But because the Court already imposed on the defendant a sentence below the low end of the now-amended guideline range, 360 months, his motion must be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   /s/Roy K. Altman
      Roy K. Altman
Assistant United States Attorney
Court ID No. A5501271
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9435
Fax: (305) 536-4676

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Roy K. Altman*
Roy K. Altman
ASSISTANT U.S. ATTORNEY